UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL SCHNEIDER,

    Plaintiff,

v.                                    Case No: 8:17-cv-219-T-36MAP

BERNARD SILVER and 13TH JUDICIAL
CIRCUIT,

    Defendants.
_____/

# **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Mark A. Pizzo (Doc. 5). In the Report and Recommendation, Magistrate Judge Pizzo recommends that the Court:

(1) deny Plaintiff Darryl Schneider's request to proceed *in forma pauperis* (Doc. 2); and

(2) dismiss Schneider's Complaint (Doc. 1).

Schneider filed Objections to the Report and Recommendation (Docs. 8 and 9). Upon consideration, the Court will overrule the objections and approve the Magistrate Judge's Report and Recommendation.

**I.    BACKGROUND**

Plaintiff, *pro se*, Darryl Schneider ("Schneider") brings this civil rights action[1] against Defendants, Circuit Judge Bernard Silver and administrative personnel working for the Thirteenth Judicial Circuit, alleging a violation of his due process rights during his state case. Doc. 1. Ultimately, Schneider's state complaint was dismissed with prejudice because Judge

---

[1] The Complaint is difficult to decipher because it is not a model of clarity.

Silver determined that Schneider's assertions were either already adjudicated in probate court or could have been raised in probate court. *Id.* ¶ 21. Schneider seeks to proceed *in forma pauperis*. (Doc. 2).

**II. STANDARD OF REVIEW**

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

**III. DISCUSSION**

A district court must dismiss an *in forma pauperis* complaint at any time if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or without arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are

clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

The doctrine of judicial immunity protects judges and their staff from damages for acts taken while they are acting in their judicial capacity. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Jallali v. Florida*, 404 F. App'x 455, 456 (11th Cir. 2010) (noting that immunity extended to law clerk). Judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. The immunity fails to apply only when a judge acts "in clear absence of all jurisdiction." *Id.*

Here, Magistrate Judge Pizzo recommended denial of Schneider's request to proceed *in forma pauperis* and dismissal of his Complaint because Plaintiff's allegations pertain to actions that were taken while Judge Silver was acting in his judicial capacity. Plaintiff's objections dispute this finding and contend that Defendant Silver's actions overstepped his bounds as a judge, made trouble for him and violated his Fourteenth Amendment due process rights. *See* Docs. 8 and 9. Plaintiff also contends that Magistrate Judge Pizzo was biased and/or discriminatory in his report and recommendation. *Id.*

After careful consideration, the Court agrees with Magistrate Judge Pizzo and finds that Schneider failed to state a claim upon which relief may be granted because Judge Silver's actions fall within the doctrine of judicial immunity. As Magistrate Judge Pizzo correctly concluded, Judge Silver acted in his judicial capacity when he executed an order requiring Schneider to cease telephonic communications with his office and when he ordered the dismissal of Schneider's claims with prejudice. Indeed, all of Schneider's allegations that form the basis of

his Complaint occurred in state court and relate to his case before Judge Silver. Therefore, judicial immunity bars Schneider's claims.

Ordinarily, the Court would permit Schneider to file an Amended Complaint. However, an amendment is unnecessary "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Applying this liberal standard, the factual allegations contained in Schneider's Complaint cannot be construed to state a plausible claim for relief because judicial immunity bars the claim. Therefore, since Schneider cannot state a claim for relief that is plausible on its face, an amendment in this case would prove futile. *See Bryant*, 252 F.3d at 1163.

In addition, Plaintiff's conclusory assertion that Magistrate Judge Pizzo was biased and/or discriminatory is without merit. Plaintiff fails to point to any facts which demonstrate any kind of bias and/or discriminatory action by Magistrate Judge Pizzo. Dissatisfaction with the rulings of the Court are insufficient to state a claim for judicial bias and/or discrimination. For example*, see Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal."). Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* will be denied and the Complaint will be dismissed.

IV. **CONCLUSION**

For the reasons stated above, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 5) is **adopted, confirmed, and approved**, in all respects, and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's Objections to the Report and Recommendation are **overruled**.

3. Schneider's request to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

4. Schneider's Complaint (Doc. 1) is **DISMISSED**.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on May 9, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
Magistrate Judge Mark A. Pizzo